## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | Civil No. 3:21-cv-1341 (SVN) |
| JUSTIN COSME, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | May 10, 2022 |
| | : | |
| FAUCHER, et al., | : | |
| *Defendants*. | : | |

### RULING ON DEFENDANTS' MOTION TO DISMISS COUNT FOUR

Sarala V. Nagala, United States District Judge.

Plaintiff Justin Cosme filed a complaint *pro se*, pursuant to 42 U.S.C. § 1983, asserting claims for unconstitutional conditions of confinement and deliberate indifference to his health and safety related to conditions at Brooklyn Correctional Institution during the COVID-19 pandemic. ECF No. 1.  He named five defendants: Warden Faucher, Deputy Warden Blanchard, Captain Jane Doe, Captain John Doe, and Commissioner Cook.  Following initial review, portions of Plaintiff's initial four claims remain: a conditions of confinement claim regarding conditions in the A-dorm against defendants Faucher, Blanchard, and Captains John and Jane Doe (Count One); a conditions of confinement claim regarding the gym against defendants Faucher and Blanchard (Count Four); and two deliberate indifference to health claims against defendants Faucher, Blanchard, and Captains Doe[1] (Counts Two and Three).  All remaining claims are alleged against the defendants in their individual capacities only.

Defendants Faucher and Blanchard (hereinafter "Defendants") move to dismiss the claim

---

[1] As Plaintiff has not provided the names of Captains John and Jane Doe, as required by ECF No. 8, service has not been ordered on these individuals and they are not yet parties to the suit.

asserted in Count Four of the Complaint regarding conditions of confinement in the gym, on the ground that Defendants are protected by qualified immunity. Although both the Court and Defendants informed Plaintiff of his obligation to respond to the motion, no response was filed. *See* ECF Nos. 19-2 and 20. For the following reasons, Defendants' motion is granted.

## I.   ALLEGATIONS OF COMPLAINT

Plaintiff alleges the following facts relating to the claim that is the subject of Defendants' motion to dismiss. In June 2020, Plaintiff tested positive for COVID-19. ECF No. 1 ¶ 19. Plaintiff was moved to the gym for quarantine for three days. *Id.* ¶ 20. He "lived on the floor," was denied showers, clean water to bathe, clean clothes and bedding, toilet paper, and hygiene products. *Id.* ¶ 21. There were approximately fifty inmates in the gym. *Id.*

## II.   LEGAL STANDARD

To withstand a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a probability requirement; the pleading must show, not merely allege, that the pleader is entitled to relief. *Id.* Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Id.* "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). When reviewing a motion to dismiss, the court must accept

allegations in the complaint as true and draw all reasonable inferences in the non-movant's favor. *Id*.

## III.   DISCUSSION

In Count Four, Plaintiff contends that Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment by requiring him to live on the gym floor for three days without showers, hygiene products, cleaning supplies, or recreation.  Doc. No. 1 at 18. The Court (Shea, J.), previously determined that the conditions alleged combined to implicate the right to sanitary living conditions and permitted the claim to proceed past the initial review stage for further development of the record.  ECF No. 8; *see* 28 U.S.C. § 1915A.  Defendants now argue that they are protected by qualified immunity on this claim.

The doctrine of qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).   In other words, qualified immunity "affords government officials 'breathing room' to make reasonable—even if sometimes mistaken—decisions."  *DiStiso v. Cook*, 691 F.3d 226, 240 (2d Cir. 2012) (quoting *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012)).   "The qualified immunity standard is 'forgiving' and 'protects all but the plainly incompetent or those who knowingly violate the law.'"  *Grice v. McVeigh*, 873 F.3d 162, 166 (2d Cir. 2017) (quoting *Amorev v. Novarro*, 624 F.3d 522, 530 (2d Cir. 2010)).

Qualified immunity may be asserted on a motion to dismiss because "qualified immunity provides government officials 'immunity from suit rather than a mere defense to liability.'" *Looney v. Black*, 702 F.3d 701, 705 (2d Cir. 2012) (quoting *Pearson*, 555 U.S. at 231).   A

defendant asserting a qualified immunity defense on a motion to dismiss, however, must overcome a "formidable hurdle," *McKenna v. Wright*, 386 F.3d 432, 434 (2d Cir. 2004), as "'the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense.'" *Neary v. Wu*, 753 F. App'x 82, 84 (2d Cir. 2019) (quoting *McKenna*, 386 F.3d at 436). A defense of qualified immunity will support a motion to dismiss, therefore, only if the plaintiff cannot state any facts that would prevent application of qualified immunity. *McKenna*, 386 F.3d at 436.

In considering whether a state official is protected by qualified immunity, the court must determine (1) whether plaintiff has shown facts making out a violation of a constitutional right; and (2) if so, whether that right was "clearly established." *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). The district court has the discretion to determine, in light of the particular circumstances surrounding the case, which of the two prongs of the qualified immunity standard to address first. *See Johnson v. Perry*, 859 F.3d 156, 170 (2d Cir. 2017) (quoting *Pearson*, 555 U.S. at 236). Here, Defendants focus on the second prong, so the court will exercise its discretion and address that prong first.

Official conduct violates clearly established law "when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *al-Kidd*, 563 U.S. at 741 (internal punctuation and quotation marks omitted). In the last several years, the Supreme Court has reiterated "the longstanding principle that clearly established law should not be defined 'at a high level of generality," but, rather, must be particularized to the facts of the case. *White v. Pauly*, 580 U.S. 73, 137 S. Ct. 548, 552 (2017) (internal quotation marks and citations omitted); *see also City of Escondido v. Emmons*, ___ U.S. ___, 139 S. Ct. 500, 503 (2019) ("Under our cases, the clearly

4

established right must be defined with specificity. 'This Court has repeatedly told courts … not to define clearly established law at a high level of generality.'") (quoting *Kisela v. Hughes*, ___ U.S. ___, 138 S. Ct. 1148, 1152 (2018) (per curiam)). The legal principle at issue must "clearly prohibit the officer's conduct in the particular circumstances before him." *District of Columbia v. Wesby*, ___ U.S. ___, 138 S. Ct. 577, 590 (2018); *see also Grice*, 873 F.3d at 166 (2d Cir. 2017) ("rights are only clearly established if a court can 'identify a case where an officer acting under similar circumstances' was held to have acted unconstitutionally") (quoting *White*, 137 S. Ct. at 552). However, it is not necessary to identify a decision squarely on point to defeat qualified immunity. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987) ("That is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful…but it is to say that in the light of pre-existing law the unlawfulness must be apparent.").

In considering whether a right is clearly established, the Court must consider Supreme Court and Court of Appeals cases and determine what a reasonable officer would understand in light of that law. *Terebesi v. Torreso*, 764 F.3d 217, 231 (2d Cir. 2014); *see Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("district court decisions—unlike those from the courts of appeal— do not necessarily settle constitutional standards or prevent repeated claims of qualified immunity"). Absent a "case of controlling authority" or "a consensus of cases of persuasive authority," the officers "cannot have been 'expected to predict the future course of constitutional law.'" *Wilson v. Layne*, 526 U.S. 603, 617 (1999).

Under the Eighth Amendment, prisoners have a right to sanitary living conditions and the necessary items to maintain adequate personal hygiene. *See Walker v. Schult*, 717 F.3d 119, 127 (2d Cir. 2013) (citing cases for the proposition that "the failure to provide prisoners with toiletries and other hygienic materials may rise to the level of a constitutional violation"). The Second

5

Circuit has not, however, established "any bright-line durational requirement for a viable unsanitary-conditions claim." *Willey v. Kirkpatrick*, 801 F.3d 51, 68 (2d Cir. 2015). Instead, the court explained that, whether unsanitary conditions of confinement rise to the level of a constitutional violation "depends on both the duration and the severity of the exposure." *Id.* The court noted that an extreme exposure for a few moments could violate the Eighth Amendment and that "a less severe exposure may be constitutionally permissible if rectified in short order but may become cruel and usual with the passage of time." *Id.*

Plaintiff alleges that he was placed in quarantine in response to the COVID-19 pandemic, not as punishment. During his three days in quarantine, he claims he was denied showers, clean water to bathe, clean clothes, clean sheets, toilet paper, and hygiene products. ECF No. 1 ¶ 21. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A "deprivation of toiletries, and especially toilet paper, can rise to the level of unconstitutional conditions of confinement...." *Trammell v. Keane*, 338 F.3d 155, 165 (2d Cir. 2003) (citations omitted). In *Trammell*, however, the court found that provision of one roll of toilet paper for nine days and negligence in replenishing supply accompanied by deprivation of "toiletries for approximately two weeks—while perhaps uncomfortable" did not violate the Eighth Amendment. *Id.* Denial of toilet paper and soap for a temporary period generally must be accompanied by other deprivations to constitute an Eighth Amendment violation. *See, e.g., Wright v. McMann*, 387 F.2d 519, 521-22, 526 (2d Cir. 1967) (allegations that plaintiff was without clothing and exposed to bitter cold in solitary confinement cell for eleven days, that he was deprived of soap and toilet paper, that the cell was filthy, without adequate heat, and barren of furniture except for a sink and toilet would, if established, constitute an Eighth

6

Amendment violation).

The Court is unable to find any reported cases from the Supreme Court or Second Circuit finding a constitutional violation for the denial of the listed items for only three days, even in a non-pandemic context. The cases that do allow Eighth Amendment claims to proceed on the basis of such deprivations are far more extreme. *See, e.g., Walker*, 717 F.3d at 126-28 (plaintiff alleged that, for 28 months, he was "confined in a cell with five other men, with inadequate space or ventilation, stifling heat in the summer and freezing cold in the winter, unsanitary conditions, including urine and feces splattered on the floor, insufficient cleaning supplies, a mattress too narrow for him to lie on flat, and noisy, crowded conditions that made sleep difficult and placed him at constant risk of violence and serious harm from cellmates"); *Wiley*, 801 F.3d at 66 (plaintiff alleged various periods of unsanitary conditions, including a fourteen-day period during which he was allegedly kept naked and nearly a month in a cell with urine stains on the floor and fecal stains on the walls and mattresses, which also smelled bad). And several district court decisions, while not dispositive on the question of whether a right is clearly established, have found that deprivation of a shower for periods significantly longer than three days do not show a sufficiently serious deprivation to state an Eighth Amendment claim. *See, e.g., Rogers v. Faucher*, No. 3:18-cv-1809 (JCH), 2019 WL 1083690 at *5 (D. Conn. Mar. 7, 2019) (dismissing claim where inmate was not allowed to shower for five days and four hours); *McCoy v. Goord*, 255 F. Supp. 2d 233, 260 (S.D.N.Y. 2003) (dismissing claim where inmate was not allowed to shower for two weeks); *Waring v. Meachu*, 175 F. Supp. 2d 230, 241 (D. Conn. 2001) (dismissing claim where inmates alleged denial of showers and clean clothing during seven-day lockdown period).

Absent a controlling decision suggesting that prison officials' actions in a circumstance similar to the one presented here are unconstitutional, the Court cannot find that the right Plaintiff

claims was violated was clearly established.  Thus, Defendants are protected by qualified immunity on this claim.  *See Brown v. City of New York*, 862 F.3d 182, 190 (2d Cir. 2017) ("No precedential decision of the Supreme Court or this Court 'clearly establishes' that the actions of [the defendants], viewed in the circumstances in which they were taken, were in violation of the Fourth Amendment.")

## IV.   CONCLUSION

Defendants' partial motion to dismiss, ECF No. 19, is **GRANTED**.  Count Four is dismissed.  The case will proceed on Counts One, Two, and Three.  Plaintiff is reminded of his obligation to identify Captains John and Jane Doe through discovery.  Failure to do so by the conclusion of discovery, *i.e.*, by June 3, 2022, will result in the dismissal of all claims against them.

**SO ORDERED** at Hartford, Connecticut, this 10th day of May, 2022.

  */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE